## CARRELL v. FEDERAL RADIO. COMMISSION. (No. 4899.)

Court of Appeals of District of Columbia.
Argued October 8, 1929. Decided November 4, 1929.

Elisha Hanson, Eliot C. Lovett, and Alfred L. Bennett, all of Washington, D. C., for appellant.

Bethuel M. Webster, Jr., Paul M. Segal, and Fanney Neyman, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from certain orders of the Federal Radio Commission refusing to renew the licenses of three so-called portable broadcasting stations, namely, WKBG, WIBJ, and WHBM, owned and operated by the appellant. A portable broadcasting station is one which is migratory in character, not being restricted to any single permanent location when in operation, but permitted to operate at any place or places to which its transmitting equipment may be transported by the licensee.

The appeal is taken under section 16 of the Radio Act of 1927, 44 Stat. 1169 (47 US CA § 96).

The stations now in question were first licensed to operate by the Secretary of Commerce in the year 1925, under the Radio Act of 1912 (37 Stat. 302), as amended (47 US CA §§ 51–60), and they continued to operate under licenses and extensions thereof granted severally by the Secretary of Commerce, and the Federal Radio Commission, until July 1, 1928. The licenses under which the stations operated were for varying periods of time, none of which exceeded three months in duration.

On April 26, 1927, the Commission issued an order entitled General Order No. 6, giving public notice that broadcasting licenses would not thereafter be granted, except for very limited periods, unless the application therefor specified a permanent location for the station's transmitter.

On May 10, 1928, the Commission issued its General Order No. 30, as follows: "It is

hereby ordered by the Federal Radio Commission that no license or renewal or extension of existing licenses will be issued to portable broadcasting stations after July 1, 1928, and on that date all portable broadcasting stations will cease operations."

The existing licenses of all such stations were extended by a subsequent order until July 1, 1928, when they were to expire as provided by the preceding order.

A copy of these orders was served upon the appellant with reference to each of the stations involved herein. The appellant protested against the enforcement of the orders with respect to these stations, and applied for a renewal of the broadcasting licenses under which the stations had been operating. The Commission then granted a hearing upon the applications, in due compliance with the provisions of section 11 of the Radio Act of 1927 (47 USCA § 91), and this was attended and fully participated in by appellant and his counsel. The Commission thereupon announced that, upon examination of the application, it had not determined that public interest, convenience, or necessity would be served by the granting thereof. The renewals thus applied for were accordingly refused and the present appeal was taken.

It may be stated at once that no complaint is made as to the conduct of appellant in the operation of the stations now in question. The ruling of the Commission relates to all portable stations alike, and this appeal challenges the authority of the Commission to make and enforce its rule against the licensing of portable broadcasting stations as a class.

It is contended on behalf of the Commission that the licensing of portable broadcasting stations is not in the public interest, convenience, or necessity; that the Davis Amendment to the Radio Act of 1927 (45 Stat. 373) contemplates fixed allocation of broadcasting stations, and its mandate cannot be carried out if roving transmitters are allowed to operate; that under the allocation of stations as at present established the operation of migratory transmitters would result in harmful interference; that the difficulties of supervision of portable stations render it against public interest to license them; and that to permit portable broadcasting stations to rove at will over a portion of the country on any one broadcasting channel would deprive the public of the service of that channel to its full capacity.

We think that the Commission acted within its authority when dealing with portable stations as a class, under the provisions of section 4 of the Radio Act of 1927 (47 USCA § 84 (f), reading in part as follows:

"Except as otherwise provided in this Act, the commission, from time to time, as public convenience, interest, or necessity requires, shall—  *  *  *

"(f) Make such regulations not inconsistent with law as it may deem necessary to prevent interference between stations and to carry out the provisions of this Act."

We think also that the objections urged against the licensing of portable stations as a class are fully sustained by the evidence. Moreover, it is within common knowledge that, if portable transmitters were licensed to roam over the country at the will of the licensees, great inconvenience would result because of interference with established stations, and the difficulty of supervising the broadcasting service as a whole would be greatly increased. It is obvious that these inconveniences need not be incurred at the present stage of the art, since adequate service may be expected from stations having fixed locations, and the development of broadcasting in this country has tended exclusively toward localized stations.

It is suggested that under the present circumstances the Commission should "anchor" the three stations in question by granting them licenses to operate at suitable specified locations. It appears that the appellant formerly owned and operated seven such portable stations, and that four of them had been assigned to fixed locations before the beginning of these proceedings, leaving only the present three stations without location. We can only say that this question is not now before us, for the only issue presented by the present record relates to the refusal of the Commission to renew the licenses of the three stations as portable ones.

The order appealed from is accordingly affirmed at the cost of appellant.